JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Timothy Greco, M.D., et al. | People's Republic of China and Chinese Communist Party |

**(b)** County of Residence of First Listed Plaintiff   **Montgomery, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles D. Mandracchia, Esq.
Mandracchia Law, LLC, 2024 Cressman Rd., PO Box 1229,
Skippack, PA 19474   Phone #610-584-0700 ext. 222

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Personal injuries and economic losses caused by negligence and misrepresentation regarding coronavirus

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 150,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Anita B. Brody   DOCKET NUMBER   2:20-cv-01958

DATE   05/11/2020

SIGNATURE OF ATTORNEY OF RECORD   *C. Mandracchia*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2 Bala Plaza, Suite PL 15, Bala Cynwyd, PA 19004 _____

Address of Defendant: _____ Embassy of People's Republic of China, 3505 International Place, N.W., Washington, DC 20008 _____

Place of Accident, Incident or Transaction: _____ Pennsylvania, New Jersey and United States of America _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ 2:20-cv-01958 _____   Judge: _____ Anita B. Brody _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/11/2020__   _____[signature]_____   __52844__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☑ 9. All other Diversity Cases
  *(Please specify):* __Personal injury and economic loss__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Charles D. Mandracchia, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __05/11/2020__   _____[signature]_____   __52844__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| TIMOTHY GRECO, M.D. et al, | : | CIVIL ACTION |
| v. | : | |
| PEOPLE'S REPUBLIC OF CHINA | : | |
| and CHINESE COMMUNIST PARTY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )


| | | |
|---|---|---|
| <u>May 11, 2020</u> | <u>Charles D. Mandracchia</u> | <u>Plaintiffs</u> |
| **Date** | **Attorney-at-law** | **Attorney for** |
| <u>610-584-0700 x 222</u> | <u>610-584-0507</u> | <u>cman@mmattorneys.com</u> |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY GRECO, MD
and                                                      :
JAY CONSTANTINE                                          :        CIVIL ACTION
and                                                      :
DAVID GIBBONS                                            :        NO.
and                                                      :
AUGUSTUS J. MANDRACCHIA, SR.                             :
and                                                      :
RON BATTAGLIA                                            :        JURY TRIAL DEMANDED
and                                                      :
PATRICK BATTAGLIA                                        :
and                                                      :
DAVID MELLE                                              :
and                                                      :
WILLIAM J DONOVAN                                        :
and                                                      :
MARY LOU DONOVAN                                         :
and                                                      :
PATRICIA CARCAREY                                        :
and                                                      :
STEVE CARCAREY                                           :
and                                                      :
JOSEPH GRECO                                             :
and                                                      :
PHILIP BRUNOZZI                                          :
and                                                      :
JOSEPH KOYE                                              :
and                                                      :
WILLIAM L. KRZEMIEN, JR.                                 :
and                                                      :
DEBORAH SPINOSA                                          :
and                                                      :
BLAKE CHRISTOPH                                          :
and                                                      :
THOMAS PAPPAS                                            :
and                                                      :
FRANK CAIKOWSKI                                          :
and                                                      :
JOHN CAIKOWSKI,                                          :
and                                                      :
ROBERT GRAY                                              :
and                                                      :
DON ZAJICK                                               :

```
and                                          :
RACHAEL ZAJICK                               :
and                                          :
STUART SPINKS                                :
and                                          :
WHITNEY SPINKS                               :
and                                          :
STEVE SPINKS                                 :
                    Plaintiffs               :
          v.                                 :
                                             :
PEOPLE'S REPUBLIC OF CHINA,                  :
and                                          :
CHINESE COMMUNIST PARTY,                     :
                    Defendants               :
```

## COMPLAINT

Comes now Timothy Greco, MD, Jay Constantine, David Gibbons, Augustus J. Mandracchia, Sr., Ron Battaglia, Patrick Battaglia, David Melle, William J Donovan, Mary Lou Donovan, Patricia Carcarey, Steve Carcarey, Joseph Greco, Philip Brunozzi, Joseph Koye, William L. Krzemien, Jr., Deborah Spinosa, Blake Christoph, Thomas Pappas, Frank Caikowski, John Caikowski, Robert Gray, Don Zajick, Rachael Zajick, Stuart Spinks, Whitney Spinks and Steve Spinks (collectively "Plaintiffs"), and allege as follows:

1.      Plaintiffs bring this action against the People's Republic of China ("China") and the Chinese Communist Party (the Chinese Communist Party, together with China, jointly and/or severally "Defendants") based on Defendants' negligence, reckless indifference, and misrepresentations.

2.      Plaintiffs seek compensatory damages, punitive damages, costs and attorney's fees.

### JURISDICTION AND VENUE

2

3.      This Court has jurisdiction over this action against Defendants for negligence, reckless indifference and misrepresentations pursuant to applicable federal statutes, including but not limited to 28 U.S.C. §1332 and 28 U.S.C. §1605 (a)(5).

4.      Venue is proper in this Court pursuant to, *inter alia*, 29 U.S.C. §1391(c).

5.      Plaintiffs bring this action under Federal Rule of Civil Procedure 20, as their claims for relief arise out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law and/or fact common to all plaintiffs will arise in this action including without limitation (a) whether Defendants' failure and delay to disclose their clear knowledge regarding the true nature of the coronavirus epidemic in China and likely widespread transmission of the virus and COVID-19 to the rest of the world was negligent, (b) whether Defendants' misstatements to its citizens and to the world regarding the true nature of the coronavirus epidemic in China and the human to human transmission of the virus and COVID-19 constituted intentional misrepresentations, and (c) whether Defendants' conduct constituted reckless indifference to the rights of Plaintiffs and was outrageous, wanton, willful and malicious.

6.      Additionally, the questions of duty, breach and the cause of damages are all the same.

7.      All the individual Plaintiffs either have been or are currently represented by Mandracchia Law LLC or CDM Law or have a personal relationship with the members of the firms and want these law firms to represent them in this lawsuit.

8.      Counsel for Plaintiffs has kept the number of Plaintiffs in this action to a manageable number.

**PARTIES**

9.      Plaintiff Timothy Greco, MD is an adult individual with an address at 2 Bala Plaza, Suite PL 15, Bala Cynwyd, PA 19004, and is a plastic surgeon.

10.     Plaintiff Jay Constantine is an adult individual with an address at 14 Spring Mill Ln., Collegeville, PA 19426, and is the owner of a concrete manufacturing business.

11.     Plaintiff David Gibbons is an adult individual with an address at 107 Summit Dr., Royersford, PA 19461, and owner of an automobile tag business.

12.     Plaintiff Augustus J. Mandracchia, Sr. is an adult individual with an address at 2910 DeKalb Pike, Norristown, PA 19401, and is the owner of Presidential Catering.

13.     Plaintiff Ron Battaglia is an adult individual with an address at 1440 E. Ridge Pike, Plymouth Meeting, PA 19462, and operates a business selling automobiles.

14.     Plaintiff Patrick Battaglia is an adult individual with an address at 1440 E. Ridge Pike, Plymouth Meeting, PA 19462 and operates a business selling automobiles. Mr. Battaglia was ill with COVID-19 and brings this action as a result of his sickness and personal injuries caused by the coronavirus and his economic losses.

15.     Plaintiff David Melle is an adult individual with an address at 362 Hurst Street, Bridgeport, PA 19405, and operates TLC, a water and fire restoration business.

16.     Plaintiff William J Donovan is an adult individual with an address at 3013 Walker Ln., Eagleville, PA 19403, and is the owner of a printing business.

17.     Plaintiff Mary Lou Donovan is an adult individual with an address at

c/o Shank Printing, 520 Laws St., Conshohocken, PA 19428, and is the owner of a printing business.

18.    Plaintiff Patricia Carcarey is an adult individual with an address at 3846 W. Ridge Pike, Collegeville PA 19426, and owns and operates Collegeville Bakery.

19.    Plaintiff Steve Carcarey is an adult individual with an address at 3846 W. Ridge Pike, Collegeville PA 19426, and owns and operates Collegeville Bakery.

20.    Plaintiff Joseph Greco is an adult individual with an address at 1056 Mount Pleasant Road, Bryn Mawr, Pa. 19010, and is in the business of investments and consulting

21.    Plaintiff Philip Brunozzi is an adult individual with an address at 184 Philip Street, Vineland NJ 08361, and is in the carpet business.

22.    Plaintiff Joseph Koye is an adult individual with an address at 380 Crooked Lane, King of Prussia, PA 19406, and operates a catering business.

23.    Plaintiff William L. Krzemien, Jr. is an adult individual with an address at 6774 Gwen Mawr Road, Bethlehem, PA 18017, who was ill with COVID-19, and is in the FBI.  Mr. Krzemien brings this action as a result of his sickness and personal injuries caused by the coronavirus and economic losses.

24.    Plaintiff Deborah Spinosa is an adult individual with an address at 4117 Primrose Dr, Allentown, Pa 18104, and is the Manager of a plumbing, kitchen and bath supply business.

25.    Plaintiff Blake Christoph is an adult individual with an address at 12 W. Golfview Rd., Havertown, PA 19083, and is the owner and operator of a business selling and installing blinds.

26.     Plaintiff Thomas Pappas is an adult individual with an address at 1 South Broad Street, Philadelphia, PA 19102, and is a business consultant.

27.     Plaintiff Frank Caikowski is an adult individual with an address at 737 Evansburg Road, Skippack Pa 19474, and has a renovations and construction business.

28.     Plaintiff John Caikowski is an adult individual with an address at 106 E. 13th Ave., Conshohocken, PA 19428, and has a renovations and construction business.

29.     Plaintiff Robert Gray is an adult individual with an address at 735 Broad Street, Beverly NJ 08010, and operates a trucking company.

30.     Plaintiff Don Zajick and Plaintiff Rachael Zajick are adult individuals with an address at Norris Sales Company, 1010 Conshohocken Rd., Conshohocken, PA 19428, and operate a business for rental of construction equipment.

31.     Plaintiff Stuart Spinks is an adult individual with an address at PO Box 8624, 1414 E. Washington St., Greenville, SC 29607, and operates convenience stores and a petroleum distribution business.

32.     Plaintiff Whitney Spinks is an adult individual with an address at PO Box 8624, 1414 E. Washington St., Greenville, SC 29607, and operates convenience stores and a petroleum distribution business.

33.     Plaintiff Steve Spinks is an adult individual with an address at PO Box 8624, 1414 E. Washington St., Greenville, SC 29607 and operates convenience stores and a petroleum distribution business, and Ace Energy Inc.

34.     Plaintiffs Jay Constantine, David Gibbons, Timothy Greco, MD, Augustus J. Mandracchia, Sr., Ron Battaglia, Patrick Battaglia, David Melle, William J Donovan, Mary Lou Donovan, Patricia Carcarey, Steve Carcarey, Joseph Greco, Philip Brunozzi,

Joseph Koye, William L. Krzemien, Jr., Deborah Spinosa, Blake Christoph, Thomas

Pappas, Frank Caikowski, John Caikowski, Robert Gray, Don Zajick, Rachael Zajick,

Stuart Spinks, Whitney Spinks and Steve Spinks bring this action as individuals and

owners and/or shareholders of their respective businesses.

35.    Defendant the People's Republic of China is a foreign state located in

Asia, with an address in the United States at Embassy of People's Republic of China in

the United States, 3505 International Place, N.W., Washington, DC 20008.

36.    Defendant the Chinese Communist Party is the ruling party of the People's

Republic of China, and directly controls the government of China.  Its address in the

United States is the Embassy of People's Republic of China in the United States, 3505

International Place, N.W., Washington, DC 20008.

## FACTUAL ALLEGATIONS

37.    The delay and failure by the senior officials of the Chinese Communist

Party and the government of China, which was the first country to face the new

coronavirus and the source of the virus, to inform and warn the public and the world of

the nature of the coronavirus outbreak in China and the known human to human

transmission of the coronavirus and COVID-19, directly resulted in the global pandemic.

38.    The coronavirus pandemic currently has resulted in more than four million

COVID-19 cases in the world, more than 1.3 million COVID-19 cases in the United

States and approximately eighty thousand (80,000) U.S. deaths.

39.    The coronavirus pandemic caused the President of the United States and

governors of many states to shut down the economy and businesses and require citizens

to be confined to their homes and to severely restrict their activities including work and

business.

40.     The Chinese Communist Party and the government of China knew of the devastation of the coronavirus and prevented Chinese citizens from leaving or entering the city of Wuhan.  However, the Chinese Communist Party and the government of China allowed foreign citizens to come in and out of the city of Wuhan.

41.     Documents obtained and reported on by the Associated Press demonstrate that by no later than January 14, 2020, and likely well before that time, the head of the National Health Commission, the top medical agency in China, knew of and advised other officials of the government of China including but not limited to President Xi Jinping, who is also the general secretary and leader of the Chinese Communist Party, as well as Premier Li Keqiang and Vice Premier Sun Chunlan, that human-to-human transmission of the coronavirus is possible and that based on a case reported in Thailand there was a possible spread of the virus from China to other countries.

42.     It also was concluded as of that time that due to upcoming public festivals in China the risk of spread of the coronavirus was high, and the coronavirus likely would develop into a major public health event and/or pandemic, which it did.

43.     The Chinese Communist Party and the government of China distributed at that time information and instructions for provincial officials with regard to the pandemic that were not to be disclosed publicly.

44.     Despite possessing such information and knowledge, however, at that time the officials of the Chinese Communist Party and the government of China did not publicly disclose the evidence of human to human transmission of the coronavirus and the strong possibility of the spread of the coronavirus by human to human transmission to

8

other countries, or the danger that the coronavirus infection in Wuhan would develop into a major public health event and global pandemic.

45.     Instead, officials of the Chinese Communist Party and the government publicly downplayed the risk of the spread of the coronavirus, and stated publicly that the risk of human to human transmission of the virus was low and that there was no evidence of such transmission.

46.     This was done for political reasons for the benefit of the Chinese Communist Party and the government of China, and to the detriment of the people of China and of the world including the United States of America and including the Plaintiffs.

47.     On January 20, 2020 the government of China made the first public announcement and disclosure of the true nature of the coronavirus infection and epidemic, which the Chinese Communist Party and the government had known already for some time.

48.     On that date President Xi made his first public statement on the virus and acknowledged its serious and dangerous nature, and a leading epidemiologist in China stated publicly that the virus was transmitted by human to human contact.

49.     The Chinese Communist Party and the government of China's misstatements about and delay and failure to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the coronavirus epidemic as a major public health event in China and possible global pandemic resulted in delay of implementation of containment and mitigation measures such as social distancing, mask wearing and travel restrictions in China and in other countries including

the United States of America.

50.    The Chinese Communist Party and the government of China's misstatements about delay and failure to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the epidemic in China and possible global pandemic resulted in and caused widespread transmission of the coronavirus to other countries including the United States of America, where the Plaintiffs reside and/or do business, and resulted in the global pandemic of the coronavirus and the deadly COVID-19 disease.

51.    As a result of such misstatements about and delay and failure by the Chinese Communist Party and the government of China to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the epidemic in China, Plaintiffs Krzemien and Patrick Battaglia contracted COVID-19, the disease caused by the coronavirus.

52    Also as a result of such acts and omissions by the Chinese Communist Party and the government of China, the Plaintiffs have suffered severe and significant economic losses and damages as a result of the lockdown measures adopted by the governors of certain states and guidelines and directions issued by the federal government in response to and mitigation of the transmission and spread of the coronavirus and COVID-19.

53.    As a result of the conduct of the Defendants this virus caused the shutdown of businesses throughout the United States and financial harm to businesses in particular the individual Plaintiffs as individuals and as owners and/or shareholders of their respective businesses.

54.     The misstatements about and failure and delay of the Chinese Communist Party and the government of China to disclose publicly to its citizens and to the world the government's and the Chinese Communist Party's clear and unequivocal knowledge regarding the true nature of the coronavirus epidemic in China constituted intentional misrepresentations and also were clearly negligent and recklessly indifferent to the rights of Plaintiffs and also were outrageous, wanton, willful and malicious.

55.     Such misrepresentations, negligence and recklessness of the Chinese Communist Party and the government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries, disease and/or economic and other damages and losses to the Plaintiffs.

## FIRST CAUSE OF ACTION
## NEGLIGENCE AND RECKLESS INDIFFERENCE

56.     Plaintiffs herein incorporate all of the paragraphs above by reference as if fully set forth at length.

57.     Plaintiffs assert this claim on behalf of themselves and against the Defendants.

58.     The Chinese Communist Party and China's government's delay and failure to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the coronavirus epidemic as a major public health event in China and possible global pandemic resulted in delay of implementation of containment and mitigation measures such as social distancing, mask wearing and travel restrictions in China and in other countries including the United States of America.

59.     The Chinese Communist Party and China's government's delay and

failure to publicly disclose its  knowledge of the human to human transmission of the coronavirus and the nature of the epidemic in China resulted in and caused widespread transmission of the coronavirus to other countries including the United States of America, where the Plaintiffs reside and/or do business, and resulted in a global pandemic of the coronavirus and the deadly COVID-19 disease.

60.     The failure and delay of the Chinese Communist Party and the government of China to disclose publicly to its citizens and to the world its clear and unequivocal knowledge regarding the true nature of the coronavirus epidemic in China were clearly negligent and recklessly indifferent to the rights of Plaintiffs, were in breach of its duty and of established international protocols, and also were outrageous, wanton, willful and malicious.

61.     Such negligence and recklessness of the Chinese Communist Party and the government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries and disease and economic and other damages and losses to the Plaintiffs.

62.     As a direct and proximate result of such negligence and recklessness, Plaintiffs Krzemien and Patrick Battaglia contracted COVID-19, the disease caused by the coronavirus, and suffered severe personal injuries as a result, including the following:

(a) respiratory and other serious disease including COVID-19 symptoms and illness, requiring medical treatment;

(b) other serious and permanent injuries;

12

(c) enduring great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

(d) being required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines, and/or other attendant services;

(e) impairment of general health, strength, and vitality and being unable to enjoy, and loss of, various pleasures of life previously enjoyed;

(f) loss of the society, companionship, and consortium of spouse;

(g) loss of ability to participate in activities with family;

(h) loss of earnings and/or impairment of earning capacity.

63.     As a direct and proximate result of such negligence and recklessness of the Defendants, the Plaintiffs have suffered severe and significant economic losses and damages as a result of the lockdown measures adopted by the governors of certain states and guidelines and directions issued by the federal government in response to and mitigation of the transmission and spread of the coronavirus and COVID-19 in the United States and the global pandemic, which originated in China.

**SECOND CAUSE OF ACTION**
**MISREPRESENTATION**

64.     Plaintiffs herein incorporate all of the paragraphs above by reference as if fully set forth at length.

65.     Plaintiffs assert this claim on behalf of themselves and against the Defendants.

66.     The Chinese Communist Party and China's government's misstatements regarding their knowledge of the human to human transmission of the coronavirus and

13

the nature of the coronavirus epidemic as a major public health event in China and possible global pandemic resulted in delay of implementation of containment and mitigation measures such as social distancing, mask wearing and travel restrictions in China and in other countries including the United States of America.

67.     Such acts and omissions by the Chinese Communist Party and China's government resulted in and caused widespread transmission of the coronavirus to other countries including the United States of America, where the Plaintiffs reside and/or do business, and resulted in a global pandemic of the coronavirus and the deadly COVID-19 disease.

68.     Such acts and conduct by the Chinese Communist Party and the government of China constituted intentional misrepresentations and also were outrageous, wanton, willful and malicious.

69.     Such acts and conduct of the Chinese Communist Party and the government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries and disease and economic and other damages and losses to the Plaintiffs.

70.     As a direct and proximate result of such acts and conduct of Defendants, Plaintiffs Krzemien and Patrick Battaglia contracted COVID-19, the disease caused by the coronavirus, and suffered severe personal injuries as a result, including the following:

(a) respiratory and other serious disease including COVID-19 symptoms and illness, requiring medical treatment;

(b) other serious and permanent injuries;

14

(c) enduring great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

(d) being required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines, and/or other attendant services;

(e) impairment of general health, strength, and vitality and being unable to enjoy, and loss of, various pleasures of life previously enjoyed;

(f) loss of the society, companionship, and consortium of spouse;

(g) loss of ability to participate in activities with family;

(h) loss of earnings and/or impairment of earning capacity.

71.    As a direct and proximate result of such acts and conduct of Defendants, the Plaintiffs have suffered severe and significant economic losses and damages as a result of the lockdown measures adopted by the governors of certain states and guidelines and directions issued by the federal government in response to and mitigation of the transmission and spread of the coronavirus and COVID-19 in the United States and the global pandemic, which originated in China.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, pray for:

(a) An award to Plaintiffs of compensatory damages in an amount in excess of $75,000 each;

(b) An award to Plaintiffs of punitive damages against Defendants to the fullest extent allowed under the Constitution of the United States;

(c) An award to Plaintiffs of all costs of suit incurred;

15

(d) An award to Plaintiffs of reasonable attorney's fees to the fullest extent allowed under the law; and

(e) Such other and further relief as the Court may deem proper.

Respectfully submitted,

MANDRACCHIA LAW, LLC

Dated: May 11, 2020     By:     /s/ Charles D. Mandracchia, Esquire
                                Charles D. Mandracchia, Esquire
                                Jeffrey W. Soderberg, Esquire
                                Attorney I.D. Nos. 52844 & 55369
                                2024 Cressman Road
                                P.O. Box 1229
                                Skippack, PA 19474
                                610-584-0700 ext. 222
                                610-724-2368 (mobile)
                                cman@mmattorneys.com

                                Christopher D. Mandracchia, Esquire
                                Attorney I.D. No. 310041
                                CDM Law
                                4 East 1st Ave. Suite 103
                                Conshohocken, PA 19428
                                610-994-9281
                                cdm@cdmattorneys.com

                                Attorneys for the Plaintiffs